IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

RETTA D. ALLEN                                                                                           PLAINTIFF

V.                                          NO. 4:06CV00753 JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                              DEFENDANT

## ORDER

Pending before the Court is Plaintiff's Request for EAJA Attorneys Fees and Costs Under the Equal Access to Justice Act ("EAJA"), along with a Brief in Support. (Docket entries #16 and #17.) Defendant has filed a Response. (Docket entry #19.) For the reasons set forth herein, the Motion will be granted.

On June 23, 2006, Plaintiff filed this action challenging the decision of an Administrative Law Judge ("ALJ") denying her social security benefits. (Docket entry #1.) On February 22, 2008, the Court entered a Memorandum and Order and a Judgment remanding the case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). (Docket entries #14 and #15.)

On May 16, 2008, Plaintiff's attorney, Ms. Laura J. McKinnon, filed a Request for Attorneys Fees and Costs Under the EAJA. (Docket entry #16.) Ms. McKinnon requests payment for: (1) 27.25 hours of attorney work performed by her at the rate of $150.00 per hour (totaling $4,087.50);

(2) 1.50 hours of work performed by a paralegal at the rate of $50.00 per hour (totaling $75.00); and (3) reimbursement for $47.50 in expenses.

The Commissioner does not object to Plaintiff's request, except to argue that Plaintiff is requesting reimbursement for paralegal work at "market rates," as attorney's fees, instead of at the actual cost to the attorney. The Commissioner specifically argues that only the actual cost of paralegal services are recoverable , relying on *Richlin Sec. Serv. Co. v. Chertoff*, 472 F.3d 1370 (Fed. Cir. 2006), where the Court of Appeals for the Federal Circuit held that, under the EAJA, "paralegal services are not recoverable as fees, but are only recoverable as expenses at the cost to the attorney." *Richlin*, 472 F.3d at 1381. As noted by the Commissioner in his Response, the United States Supreme Court granted certiorari in *Richlin*.

On June 2, 2008, the Court reversed the Federal Circuit, holding that paralegal fees are recoverable as attorney's fees and "that a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 2008 WL 2229175, *11 (U.S. slip op. June 2, 2008). Thus, the Supreme Court has rejected the Commissioner's reading of the EAJA.

Under these circumstances, the Court concludes that Plaintiff is entitled to an award of attorney's fees under the EAJA, and that the amount requested by Plaintiff's attorney is reasonable. Accordingly, Plaintiff's attorney shall receive a total award of $4,210.00, which includes 27.25 hours of attorney time at the rate of $150.00 per hour ($4,087.50); 1.50 hours of paralegal time at the rate of $50.00 per hour ($75.00); and $47.50 in expenses.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney's Fees and Costs Under the EAJA (docket entry #16) is hereby GRANTED.

IT IS FURTHER ORDERED that the Commissioner shall certify and pay to Ms. Laura J. McKinnon, attorney for Plaintiff, $4,210.00, which has been awarded as fees and expenses pursuant to the EAJA.

DATED this 11th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE